UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOHN J MANLEY,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES D ABOUNADER, et al.,<br><br>Defendants. | Case No. 3:26-CV-826-CCB-SJF |

**OPINION AND ORDER**

Before the Court is Defendants Charles D. Abounader and Doreen M. Kral's Motion to Dismiss for lack of personal jurisdiction. (ECF 3). Plaintiff John J. Manley, proceeding pro se, did not respond to Defendants' motion. Without a timely response to Defendants' motion, the matter is now ripe for adjudication.

## I. Relevant Background

Plaintiff filed suit against Defendants on June 12, 2026. (ECF 1). In his complaint, Plaintiff asserts the following. The South Cove Condominium Association (the "Association") is located in New Buffalo, Michigan. (ECF 1 at 1). Defendant Abounader, a Florida domiciliary, serves as the Association's elected president, while Defendant Kral, a Michigan domiciliary serves as its manager. (*Id.*). On May 28, 2025, Plaintiff sent a letter to Defendant Charles D. Abounader "expressing concern about the state of the finances and other administrative issues within the organization." (*Id.* at 2). Plaintiff alleges Defendants disseminated the letter—which he intended to remain private—to

the entire association. (*Id.*). Plaintiff then asserts that an attorney for Defendants contacted him and threatened "costly and embarrassing" litigation. (*Id.*).

Additionally, Plaintiff alleges that Defendants contacted the New Buffalo Police Department prior to their Association's annual meeting on July 25, 2025, and requested their presence. (*Id.*). According to Plaintiff, Defendants told the New Buffalo P.D. that Plaintiff was a "violent person" and would threaten the meeting's "order." (*Id.*). Plaintiff asserts that Defendants "made a point of telling other members that the police personnel were there to prevent [P]laintiff from causing violence." (*Id.*).

Finally, Plaintiff alleges that Defendants conspired to breach their fiduciary duties to the Association by "manipulat[ing] funds" to permit Defendant Kral to receive more money than was permissible under her "salary and allowances." (*Id.* at 3). Plaintiff pleads that Defendants did so by "inflat[ing] costs that were allegedly paid by [D]efendant Kral to subcontractor services to South Cove Condominium Association property to the benefit of [D]efendant Kral." (*Id.*).

From these facts, Plaintiff raises claims of intentional infliction of emotional distress, defamation per se, breach of fiduciary duty, and conversion. (*Id.*). On July 8, 2026, Defendants filed a motion to dismiss, arguing this Court lacks personal jurisdiction over them. (ECF 3).

## II. ANALYSIS

Federal courts are courts of limited jurisdiction and only possess the power authorized by the Constitution and statute. *Gunn v. Minton*, 568 U.S. 251, 256 (2013). Irrespective of the merits of a complaint, a court must first ensure that it has both the

constitutional authority over the claims (subject matter jurisdiction) and the parties (personal jurisdiction) before it. *Lightfoot v. Cendant Mortg. Corp.*, 580 U.S. 82, 95 (2017).

Federal district courts have original jurisdiction over suits brought by citizens of different states so long as the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332. Here, subject matter jurisdiction is rather simple. Complete diversity exists as Plaintiff is a citizen of Indiana, while Defendants Abounader and Kral are citizens of Florida and Michigan, respectively. (ECF 1 at 1; ECF 4 at 5). Plaintiff's Complaint seeks monetary relief in the form of $250,000, easily satisfying the amount-in-controversy requirement. (ECF 1 at 3). Thus, the demands of subject matter jurisdiction are met.

However, the same cannot be said for personal jurisdiction. A plaintiff seeking to litigate in federal court has the burden of pleading facts that demonstrate the court has personal jurisdiction over a defendant. *GCIU-Emp. Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1023 (7th Cir. 2009). Personal jurisdiction "is proper whenever the [party] would be amenable to suit under the laws of the state in which the federal court sits . . . , subject always to . . . constitutional due process limitations . . . ." *KM Enterp., Inc. v. Glob. Traffic Techs., Inc.*, 725 F.3d 718, 723 (7th Cir. 2013). In other words, when sitting in diversity, this Court may exercise personal jurisdiction over a party if Indiana's long-arm statute would permit personal jurisdiction over that party. *Id.* To that end, the Seventh Circuit has held that Indiana's long-arm statute, Indiana Trial Rule 4.4(A), "is coextensive with the U.S. Constitution's Due Process Clause." *B.D. by & through Myer v. Samsung SDI Co.*, 91 F.4th 856, 860 (7th Cir. 2024). Thus, the Court need only consider "whether the exercise of jurisdiction comports with federal due process." *Id.*

Personal jurisdiction may be found by general or specific jurisdiction. *Daimler AG v. Bauman*, 571 U.S. 117, 127–28 (2014). General jurisdiction is established where a defendant's contacts with the forum state are so "'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945)). As the Complaint acknowledges, neither Defendant is domiciled in Indiana. (ECF 1 at 1). Indeed, Plaintiff's complaint does not plead any activity that occurred in Indiana, let alone continuous or systematic contacts. With that, the "at home" form of jurisdiction is unavailable.

Specific jurisdiction is equally unavailable. Specific jurisdiction permits a court to exercise authority over a defendant if that defendant engaged in certain "minimum contacts" within the forum state to suggest they purposely availed themselves to the benefits and protections of that forum state's laws. *International Shoe*, 326 U.S. at 316; *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). It also requires that a plaintiff's suit must arise out of or relate to the defendant's contacts with the chosen forum. *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*, 582 U.S. 255, 262 (2017).

Here, not only does Plaintiff not plead minimum contacts by Defendants in Indiana, but Plaintiff does not plead that any contact occurred in Indiana. (*See generally* ECF 1). According to the complaint, the alleged injurious conduct occurred entirely within the interactions of the Michigan-based Association. Plaintiff's intentional infliction of emotional distress claim asserts that a letter he sent to the Association's Board was disseminated to Association members, but he does not claim that any such

letters were disseminated by Defendants from or within Indiana. Though retained counsel for the Association allegedly contacted Plaintiff, an Indiana resident, and threatened him with litigation, it would be far-fetched to conclude that the Association availed itself of the benefits and protection of Indiana state law by that singular contact. Similarly, the Association's alleged defamatory act, i.e., informing law enforcement in New Buffalo, Michigan, that a "violent individual" would be present at their annual meeting, occurred in another state. And finally, Plaintiff's allegations of breach of fiduciary duty and conversion fail to assert anywhere that the alleged breach or conversion occurred within Indiana.

Because Plaintiff has pleaded no facts to suggest any of Defendants' alleged conduct occurred in Indiana, he has failed to meet his burden to demonstrate this Court has personal jurisdiction over Defendants Abounader and Kral.

## CONCLUSION

Accordingly, Defendants' Motion to Dismiss under Rule 12(b)(2) is **GRANTED**. (ECF 3). Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**. The Clerk is **DIRECTED** to close this case.

SO ORDERED on October 27, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT